ORIGINAL

# IN THE UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF GEORGIA

### ATLANTA DIVISION

FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

AUG 27 2010

JAMES N. HATTEN, Clerk
By: _____
Deputy Clerk

| | |
|---|---|
| MARK SKEETE,<br><br>    **Plaintiff,**<br><br>    v.<br><br>**ENTERTAINMENTSTUDIOS HOME ENTERTAINMENT, INC., CF ENTERTAINMENT, INC., ANCHOR BAY ENTERTAINMENT, LLC, TWENTIETH CENTURY FOX HOME ENTERTAINMENT, LLC., and JOHN DOE 1-20,**<br><br>    **Defendants.** | **JEC**<br><br>CIVIL ACTION NO.<br><br>**1:10-CV-2709**<br><br>Plaintiff's Complaint for:<br><br>[1] Copyright Infringement (17 U.S.C. §§ 101 (et seq.);<br><br>[2] Contributory Copyright Infringement;<br><br>[3] Vicarious Copyright Infringement;<br><br>[4] Fraud<br><br>[5] Violations of Federal RICO Statute 18 USC 1961, et seq.<br><br>[6] Violations of Georgia RICO Statutes O.C.G.A. 16-14-1, et seq.<br><br>**DEMAND FOR JURY TRIAL** |

## VERIFIED COMPLAINT

PLAINTIFF, Mark Skeete files this Verified Complaint against Defendants EntertainmentStudios Home Entertainment, Inc., CF Entertainment, Inc., Anchor Bay Entertainment, LLC, Twentieth Century Fox Home Entertainment, LLC and John Does 1 – 20, and respectfully showing this Honorable Court as follows:

## NATURE OF THIS ACTION

Plaintiff brings this action to enforce his exclusive copyright and license rights, to recover his damages for copyright infringement, and to preliminarily and permanently enjoin any further unlawful distribution and sales of Plaintiff's material. This case arises out of Defendants' exploitation of a documentary, direct-to-video film about Multi-Grammy Award winning rap artists Lil Jon and the East Side Boyz, entitled "Crunk Kings." Plaintiff, the producer, director and narrator of "Crunk Kings," had entered discussion and negotiations for a distribution deal of "Crunk Kings" and its ten (10) song soundtrack, but the parties were never able to come to an agreement as to distribution fees and other essential terms.

After ignoring Plaintiff's cease and desist demands, Defendants have continued to distribute "Crunk Kings". Defendants willfully continue to sell, sublicense and distribute "Crunk Kings" globally, knowing that they are infringing Plaintiff's copyright and thereby damaging Plaintiff monetarily.

This is the second appearance of this case before this Court. The first case was filed in this Court on March 5, 2009, as Case No. 1:09-CV-0609. The first case was "voluntarily" dismissed by Plaintiff's former counsel pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i) on July 20, 2009, over the vociferous objections of Plaintiff. However, on April 14, 2010, The Honorable Robert L. Vining, Jr. of the United States District Court for the Northern District of Georgia entered an Order, finding, among other things, that there is no Long Form License Agreement between Plaintiff and ES Entertainment (the "April 12, 2010 Order), a copy of which April 14, 2010 Order is attached hereto as <u>Exhibit "A"</u>.  As such, a federal court judge has already ruled that the Defendants in this matter do not have a license agreement authorizing the distribution and sale of Plaintiff's copyrighted material. However, as of the date of this Complaint, the Defendants, each and all of them, continue to <u>willfully</u> infringe upon Plaintiff's rights protected by law.Acopy of a June 3,2010 Walmart invoice from the sale of "Crunk Kings" is attached hereto as <u>Exhibit "B"</u>.

## JURISDICTION AND VENUE

1.     This is an action for copyright infringement and permanent injunctive relief under the United States Copyright Act, 17 U.S.C. §§ 101 <u>et seq</u>. (hereinafter, "the Copyright Act"), and the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961, <u>et seq</u>. (hereinafter, "Federal RICO").

2.   This Court has original subject matter jurisdiction pursuant to the Copyright Act and Federal RICO, 28 U.S.C. § 1331 (federal question jurisdiction), and § 1338(a) and (b) (jurisdiction over copyright actions), and § 1332 as an action between citizens of different states with an amount in dispute exceeding $75,000.00, and the Declaratory Judgment Act, 28 U.S.C. § 2201.   Pursuant to 28 U.S.C. § 1367(a), this Court also has supplemental jurisdiction over the state claims herein in that these claims are related to, and form part of, the same case and controversy as the federal claims herein.

## PARTIES:

3.   Plaintiff is an individual resident of the State of Georgia, Fulton County, residing in this Court's District.

4.   Defendant            ENTERTAINMENTSTUDIOS            HOME ENTERTAINMENT, INC., ("ES Entertainment") is, upon information and belief, a California corporation, and can be served with the Summons and Complaint in this matter by serving its Registered Agent, Bryon Allen Folks at 1925 Century Park East, Suite 1025 Los Angeles, California 90067.

5.   Defendant CF ENTERTAINMENT, INC., ("CF Entertainment") is, upon information and belief, a California corporation authorized to transact business in the State of Georgia, and can be served with the Summons and Complaint in this matter by serving its Registered Agent in the State of Georgia,

Corporation Service Company, 40 Technology Parkway South, Norcross, Georgia 30092. CF Entertainment is a related entity to ES Entertainment, both entities being under the common control of Byron Allen a/k/a Byron Folks.

6.     Defendant ANCHOR BAY ENTERTAINMENT, LLC, (hereinafter "Anchor Bay") is, upon information and belief, a Delaware limited liability company that can be served with the Summons and Complaint by serving its Registered Agent, The Prentice-Hall Corporation System, Inc., 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808. ES Entertainment contracted with Anchor Bay for the illegal and unauthorized distribution of "Crunk Kings".

7.     Defendant     TWENTIETH     CENTURY     FOX     HOME ENTERTAINMENT, LLC, (hereinafter "20th Century") is, upon information and belief, a Delaware limited liability company authorized to do business in the State of Georgia, who can be served the Summons and Complaint by serving its Registered Agent in the State of Georgia, CT Corporation System, 1201 Peachtree Street, NE, Atlanta, Georgia 30361. On information and belief, Anchor Bay contracted with 20th Century and/or has a joint venture with 20th Century for the illegal and unauthorized manufacturing, distribution and shipping of "Crunk Kings".

8.     Defendants John Does 1-20 are other persons or entities, presently unknown to Plaintiff, who may be manufacturing, distributing, marketing, selling,

holding monies rightfully belonging to Plaintiff and/or otherwise infringing on Plaintiff's protected copyright interest in "Crunk Kings", as alleged herein, and who may hereafter be made defendants in these proceedings.

## VENUE:

9.      This Court has personal jurisdiction over the Defendants under Georgia's long-arm statute in that Defendants have at least "minimum contacts" with the State of Georgia and further transact business in the State of Georgia and in this District. *See O.C.G.A. § 9-10-91.* All specifically named Defendants have transacted business within Georgia and contracted to advertise goods and supply goods or services in Georgia in connection with the matters giving rise to this suit. [Id.]. Defendants have also committed infringing acts outside of Georgia causing injury to the Plaintiff in Georgia, and Defendants regularly do or solicit business in Georgia, and/or expect or reasonably should expect their infringing conduct to have consequences in Georgia. [Id.].

10.     Venue is proper in the United States District Court for the Northern District of Georgia pursuant to 28 U.S.C. §§ 1391(b) and (c) and/or 1400(a).

11.     Each and all specifically named Defendants are agents of each other in the facts, circumstances and conduct complained of herein such that the actions of any one, should be properly imputed to them all.

## COMMON NUCLEUS OF OPERATIVE FACT:

12.    Defendant ES Entertainment is under the management and control of Byron Allen ("Allen"), an individual who, upon information and belief, is a resident of the State of California, and is founder, Chairman and Chief Executive Officer of EntertainmentStudios Home Entertainment, Inc., which is advertised as being a division of Entertainment Studios, Inc., which are both purportedly headquartered in Los Angeles, California, with offices in Atlanta.   Allen is a nationally known comedian and television personality, having starred on the hit television show "Real People" in the early 1980s, the Byron Allen Show and Entertainers with Byron Allen, which has been in national rotation since 1993. Currently the series "Comics Unleashed" starring Byron Allen airs on television in the state of Georgia and nationally. Allen founded EntertainmentStudios Home Entertainment, Inc. and Entertainment Studios, Inc. in 1993, and regularly conducts business in this District in the State of Georgia.  ES Entertainment touts itself as one of the largest independent producers and distributors of first-run syndicated television programs, news and files worldwide on the Internet.   ES Entertainment claims that it owns over 4,000 hours of content and a growing library of purportedly licensed titles allowing them to distribute direct-to-video programming over the Internet, including "Crunk Kings."

13.   ES Entertainment, through Allen and another ES Entertainment principal, Deborah Mitchell (hereinafter, "Mitchell") negotiated, though unsuccessfully, with Plaintiff regarding distributing "Crunk Kings," continues to unlawfully distribute "Crunk Kings," has ignored Plaintiff's "cease and desist" demands, and has refused to pay Plaintiff any compensation for the exploitation of "Crunk Kings".

14.   Defendant ES Entertainment entered into an agreement with Defendant Anchor Bay for the illegal and unauthorized distribution of "Crunk Kings". Defendant Anchor Bay on information and belief has entered into an agreement and/or joint venture with 20th Century for the illegal manufacturing, distribution and shipping of "Crunk Kings" to retailers.

15.   CF Entertainment is an entity related to ES Entertainment, under the common management and control of Allen, and CF Entertainment has been paid advertising fees by ES Entertainment for the purported marketing of "Crunk Kings", such that CF Entertainment is a recipient of funds obtained by the unlawful, infringing acts of ES Entertainment, Anchor Bay and 20th Century. CF is part of the racketeering enterprise described in Counts V and VI, below.

16.   Plaintiff has produced various projects working under the name "Skgrilla Entertainment," which he founded in 1999. Plaintiff has worked in all facets of the entertainment industry for more than 20 years. From helping to

launch the careers of many of hip hop's most influential figures, including Ed Lover, Hype Williams, and Steve Stoute, to performing in the music industry as one-half of the group No Face, where he worked with industry luminaries like the late Eazy E, Dr. Dre, Tupac Shakur, 2 Live Crew, Digital Underground, Mary Wilson, Ray Slingjaard, and Russell Simmons, with whom he partnered to form No Face Records.

17.    Drawing from his varied experiences in the entertainment industry, Plaintiff entered the burgeoning straight-to-DVD market, as it presented lucrative and creative opportunities and, thus, began to focus on this area of film production.

18.    By 2001, Plaintiff filmed and produced "Da Mission," a film about two aspiring hip-hop artists, which garnered national attention.  In 2003, Plaintiff saw the opportunity to introduce Lil Jon & the Eastside Boyz to a mainstream audience, using the documentary medium and, thus, began filming "Crunk Kings." After completing the documentary and aware of the popularity building around these artists, Plaintiff began evaluating various distribution options for the film. Because Plaintiff sensed the market demand for "Crunk Kings" would be significant and would benefit from shelf space at national retailers like Wal-Mart, Plaintiff began exploring larger distribution channels that would give him access to such retailers and also provide support for a multi-project distribution deal.

## Plaintiff, Allen, and Mitchell Negotiate

19.    On or around December 2005, Plaintiff entered into discussions with ES Entertainment regarding a distribution deal for the "Crunk Kings" documentary, and distribution of subsequent projects Plaintiff had in development. From the outset, Plaintiff made clear in his written correspondence that he was seeking a distribution deal for the "Crunk Kings" documentary, as well as Plaintiff's upcoming projects, though neither deal materialized.

20.    During these initial discussions, the principals of ES Entertainment, Allen and Mitchell, offered to pay Plaintiff a $30,000 advance, and 70% of the net revenue received from the sale of the "Crunk Kings" film and soundtrack through ES Entertainment's various distribution relationships. Based on representations of Allen and Mitchell which later proved to be fraudulent, false and misleading, Plaintiff signed a "Term Sheet" with ES Entertainment. The "Term Sheet" does not grant a license in favor of ES Entertainment in respect of "Crunk Kings", and at best, the "Term Sheet" is no more than an unenforceable "agreement to agree", which the parties never did, as found by Judge Vining in the April 14, 2010 Order.

21.    Once the unenforceable, "agreement to agree" Term Sheet was executed, Allen and ES Entertainment sent Plaintiff a "Long Form License Agreement" for the "Crunk Kings" documentary, rather than a distribution agreement which the unenforceable Term Sheet contemplated. This was the first

version of the Long Form License Agreement presented to Plaintiff, which Long Form License Agreement this Court has already found was never executed or had any legal effect, by way of Judge Vining's April 14, 2010 Order.

22.　ES Entertainment began pressing Plaintiff to immediately send the master of the "Crunk Kings" documentary so that the manufacturing of the DVD could commence. In that regard, ES Entertainment fraudulently represented that in order to make the release date, the "Crunk Kings" master needed to be provided prior to the execution of the Long Form Distribution Agreement.

23.　As such, ES Entertainment fraudulently induced Plaintiff to deliver the "Crunk Kings" master in early April 2006, even though no enforceable agreement between ES Entertainment and Plaintiff (distribution, licensing, or otherwise) had ever been entered into between Plaintiff and ES Entertainment.

24.　However, following Plaintiff's delivery of the master to ES Entertainment, the position of ES Entertainment regarding the parties' relationship began to dramatically change. In a communication dated April 11, 2006, Deborah Mitchell, President of ES Entertainment, stated that as of that time, ES Entertainment was not interested in distributing other films from Plaintiff, and saw the Lil Jon project as a "test." This representation was flatly inconsistent with the representations made by ES Entertainment prior to receipt of the master and prior to parties execution of the unenforceable Term Sheet.

25.    Despite Plaintiff's concerns, however, he proceeded in good faith under the unenforceable Term Sheet, expecting that these matters would be resolved during the negotiation of the Long Form <u>Distribution</u> Agreement.  As a result, Plaintiff was fraudulently induced to supply ES Entertainment with the master of the "Crunk Kings" documentary.

26.    The parties thereafter continued to discuss the terms of the proposed Long Form <u>Distribution</u> Agreement; however, in early July 2006, ES Entertainment provided a version of the agreement to Plaintiff to execute that made it clear that ES Entertainment was actually seeking a film acquisition agreement and not a pressing, distribution and marketing agreement.  It was at this time that ES Entertainment's fraud became crystal clear to Plaintiff.

27.    ES Entertainment was structuring the deal in such a way as to make it impossible for Plaintiff to see any return from the sales of Plaintiff's film.  Plaintiff immediately informed Allen and ES Entertainment that Plaintiff was not seeking this type of agreement and demanded that the parties proceed to memorialize the terms of the unenforceable Term Sheet, or there would be no long form agreement executed with ES Entertainment, distribution, licensing, or otherwise in respect of "Crunk Kings"..

28.    Allen and ES Entertainment responded that this was unacceptable, suggesting instead that this was a standard deal in the industry, despite the fact that

Plaintiff was able to demonstrate that he had other distribution offers that would either pay a per unit sold price or compute the royalties in accordance with a 70/30 percent split.

29.    Notwithstanding the absence of any distribution or licensing agreement between ES Entertainment and Plaintiff, ES Entertainment nonetheless proceeded to <u>willfully</u> infringe upon Plaintiff's rights in "Crunk Kings" on or about August 29, 2006, by having Anchor Bay and 20th Century commence the distribution and sale of "Crunk Kings" to retailers. Such actions also constituted copyright infringement by infringement Defendants Anchor Bay and 20th Century.

30.    In March 2007, Plaintiff engaged an accounting firm to conduct a full audit of all of Allen and ES Entertainment's distributor's books and records related to Defendants' unlawful distribution of "Crunk Kings" When the accounting firm asked Allen and ES Entertainment to provide them with a copy of the relevant distribution agreements between ES Entertainment and Plaintiff, the full and complete extent of Allen and ES Entertainment's fraud, deception, copyright infringement and outright theft of Plaintiff's material surfaced.

31.    Pursuant to the request, Allen and ES Entertainment fraudulently produced on June 18, 2007, a copy of the Long Form License Agreement draft, altered so that the signature page for the Short Form License Agreement executed

13

by Plaintiff was now represented to be the signature page for the entire Long Form License Agreement, which Plaintiff had never executed.

32.  In fact, the actual signature page for the unexecuted Long Form License Agreement, which was originally numbered page 10, was fraudulently removed from the version provided to the accounting firm, and the page numbering was fraudulently altered to match up with the numbering on the original, executed Short Term License Agreement.

33.  In light of ES Entertainment's fraud, deception and outright theft of Plaintiff's material, Plaintiff, thus had no choice but to file this lawsuit to enjoin Defendants from further exploiting his copyrighted work, "Crunk Kings," and his exclusive license to the ten (10) songs on its soundtrack, to be compensated for his damages as a consequence of Defendants' conduct and to compel Defendants to return the masters and any copies of these works.

## FIRST CLAIM FOR RELIEF

### (Copyright Infringement, 17 U.S.C. §§ 101 et seq. - Against All Specifically Named Defendants)

34.  Plaintiff re-alleges and incorporates by reference paragraphs 1 through 33 inclusive, as though fully set forth herein.

35.  Plaintiff owns exclusive copyright interests in the "Crunk Kings" DVD, which is an original copyrighted work under the laws of the United States.

Plaintiff also has the rights to the ten (10) songs included on the soundtrack and CD that accompany the DVD.

36.    The    Defendants'    copying,    downloading,    use,    modification, reproduction, display, sale and distribution of "Crunk Kings" and each of the ten (10) songs included in the soundtrack constitutes a violation of the United States Copyright Act, Title 17 U.S.C. §§ 501(a), 106(1), 106(2) and 106(3), and all Defendants were acting as infringers within the meaning of 17 U.S.C. § 501(a).

37.    By all of the Defendants' participation in the production, distribution, use, copying, and exploitation of "Crunk Kings" and its soundtrack, Defendants knowingly and willfully infringed, authorized others to infringe, and will continue to infringe Plaintiff's copyright in the "Crunk Kings" and his exclusive license in the songs included on the soundtrack.

38.    As a proximate result of Defendants' willful copyright infringement, Plaintiff has suffered and will continue to suffer irreparable injury, some of which cannot be compensated in money damages if such wrongful conduct continues.

WHEREFORE, Plaintiff is entitled to and prays for relief as follows:

39.    A permanent injunction, pursuant to 17 U.S.C. § 502, enjoining all Defendants, their officers, agents, employees, licensees, assigns, distributors, sub-distributors, and all persons acting in concert with them, from engaging in such further violations of the Copyright Act;

40.   A permanent injunction enjoining all Defendants, their officers, agents, employees, licensees and assigns, distributors, sub-distributors, and all persons acting in concert with them, from engaging in or authorizing the production, copying, distribution and/or exploitation of "Crunk Kings";

41.   Recovery from all Defendants of the damages, including pre-judgment interest, Plaintiff has sustained and will sustain, and any income, gains, profits, and advantages obtained by Defendants as a result of their wrongful acts alleged hereinabove pursuant to 17 U.S.C. § 504(b), in an amount which cannot yet be fully ascertained, but which shall be assessed at the time of trial;

42.   The maximum statutory damages in the amount of $30,000.00 per infringement, and/or $150,000.00 per willful infringement pursuant to 17 U.S.C. § 504(c), or for such other amount as may be proper under 17 U.S.C. § 504(c). Plaintiff is further entitled to their attorney's fees and full costs pursuant to 17 U.S.C. § 505; and

43.   For such other and further relief and remedies available under the Copyright Act, 17 U.S.C. § 101 et seq., and/or for which the Court may deem just and proper, including punitive damages.

## SECOND CLAIM FOR RELIEF
### (Contributory Infringement – All Specifically Names Defendants)

44.    Plaintiff re-alleges and incorporates herein by reference the allegations set forth in paragraphs 1 through 43, inclusive, as though fully set forth herein.

45.    Upon information and belief, Defendants, encouraged, induced, or materially contributed to, the infringement of Plaintiff's copyrightable work, and of Plaintiff's copyright interest in the "Crunk Kings" DVD and soundtrack, in that:

(a)    The specifically named defendants  used, distributed, and/or exploited "Crunk Kings;"

(b)    The specifically named defendants distributed, promoted, and advertised the "Crunk Kings" DVD; and,

(c)    The specifically named defendants have further participated in the distribution of the "Crunk King" DVD by sublicensing "Crunk Kings" to third parties with or utilizing any other party Defendant or one of its subsidiary companies.

46.    Upon information and belief, the specifically named defendants infringement were performed with actual and constructive knowledge of Plaintiff's rights and interests.

47.    All specifically named defendants and/or their subsidiary companies, are jointly and severally liable for contributory copyright infringement.

WHEREFORE, Plaintiff is entitled to and prays for relief as follows:

48. A permanent injunction, pursuant to 17 U.S.C. § 502, enjoining the specifically named defendants herein and all other defendants, their officers, agents, employees, licensees, assigns, distributors, and all persons acting in concert with them, from engaging in such further violations of the Copyright Act;

49. A permanent injunction enjoining all specifically named defendants, their officers, agents, employees, licensees, assigns, distributors, sub-distributors, and all persons acting in concert with them, from engaging in or authorizing the production, reproduction, copying, use, distribution, exploitation, advertising, and promotion of the "Crunk Kings" DVD;

50. Recovery from all specifically named defendants of the damages, including prejudgment interest it sustained and will sustain, and any income, gains, profits, and advantages obtained by any of the specifically named defendants and/or any of its affiliated subsidiaries (including, without limitation, CF Entertainment), as a result of their wrongful acts alleged hereinabove pursuant to 17 U.S.C. § 504(b), in an amount which cannot yet be fully ascertained, but which shall be assessed at the time of trial;

51. The maximum statutory damages in the amount of $30,000.00 per infringement, and/or $150,000.00 per willful infringement pursuant to 17 U.S.C. § 504(c), or for such other amount as may be proper under 17 U.S.C. § 504(c).

Plaintiff is further entitled to its attorney's fees and full costs pursuant to 17 U.S.C. § 505; and

52.    For such other and further relief and remedies available under the Copyright Act, 17 U.S.C. § 101 et seq., and/or for which the Court may deem just and proper, including punitive damages.

### THIRD CLAIM FOR RELIEF
**(Vicarious Copyright Infringement – Against all specifically named Defendants)**

53.    Plaintiff re-alleges and incorporates herein by reference the allegations set forth in paragraphs 1 through 52, inclusive, as though fully set forth herein.

54.    All specifically named Defendants individually had the right, authority, and the ability to control or supervise all other Defendants' actions, failures, and omissions which violated Plaintiff's copyright in the "Crunk Kings" film and license of the soundtrack.

55.    All specifically named Defendants had knowledge of Plaintiff's rights and interests in the "Crunk Kings" film.

WHEREFORE, Plaintiff is entitled to and prays for relief as follows:

56.    A permanent injunction, pursuant to 17 U.S.C. § 502, enjoining all specifically named defendants and any of their respective, affiliated subsidiaries and their officers, agents, employees, licensees, assigns, distributors, and all

persons acting in concert with them, from engaging in such further violations of the Copyright Act;

57.    A permanent injunction enjoining all specifically named defendants, and their respective, affiliated subsidiaries, their officers, agents, employees, licensees and assigns, distributors, sub-distributors, and all persons acting in concert with them, from engaging in or authorizing the production, copying, distribution and/or exploitation of the "Crunk Kings" film;

58.    Recovery from all specifically named defendants of the damages, including pre-judgment interest Plaintiff sustained and will sustain, and any income, gains, profits, and advantages obtained by any specifically named defendant individually as a result of the wrongful acts alleged hereinabove pursuant to 17 U.S.C. § 504(b), in an amount which cannot yet be fully ascertained, but which shall be assessed at the time of trial;

59.    The maximum statutory damages in the amount of $30,000.00 per infringement, and/or $150,000.00 per willful infringement pursuant to 17 U.S.C. § 504(c), or for such other amount as may be proper under 17 U.S.C. § 504(c). Plaintiff is further entitled to their attorney's fees and full costs pursuant to 17 U.S.C. § 505; and

60.   For such other and further relief and remedies available under the Copyright Act, 17 U.S.C. §§ 101 et seq., and/or for which the Court may deem just and proper.

## FOURTH CLAIM FOR RELIEF:
### FRAUD

61.   Plaintiff re-alleges and incorporates herein by reference the allegations set forth in paragraphs 1 through 60 inclusive, as though fully set forth herein.

62.   Defendants have engaged in a pattern and practice of outright fraud in violation of O.C.G.A. § 51-6-1, et seq., in that they knew or in the exercise of reasonable diligence, should have known that there was no license agreement between any of the Defendants and the Plaintiff which would have provided the legal authorization for Defendants to infringe upon Plaintiff's protected copyright interests.

63.   Defendant ES Entertainment made representations that were false and known to be false when made.

64.   The statements and representations of Defendant ES Entertainment herein were made with the specific intent to induce reliance thereon and as such, subject plaintiff to the deceitful objectives contemplated by said Defendant.

65.   Plaintiff reasonably relied to his detriment and has sustained extensive damage and loss as the proximate result of said Defendants ES Entertainment's

fraudulent representations of fact. The other specifically named Defendants have improperly unlawfully profited from the unlawful acts of Defendant ES Entertainment.

WHEREFORE, Plaintiff is entitled to and prays for relief as follows:

66. Recovery from all specifically named defendants, jointly and severally, of the damages, including pre-judgment interest, Plaintiff sustained and will sustain resulting from such defendants' fraudulent actions, including, without limitation, the fraudulent activities of ES Entertainment;

67.   Recovery from all specifically named defendants of the damages, including pre-judgment interest Plaintiff sustained and will sustain, and any income, gains, profits, and advantages obtained by any specifically named defendant individually as a result of the fraudulent acts alleged hereinabove, in an amount which cannot yet be fully ascertained, but which shall be assessed at the time of trial; and

68.   For such other and further relief and remedies for which the Court may deem just and proper.

## SIXTH CLAIM FOR RELIEF:
### FEDERAL CIVIL RICO
### 18 U.S.C. § 1961, et seq.

69.    Plaintiff re-alleges and incorporates herein by reference the allegations set forth in paragraphs 1 through 68 inclusive, as though fully set forth herein.

70.    At all relevant times, all defendants herein were "persons" within the meaning of RICO 18 § U.S.C. 1961(3) and 1962(c).

71. At all relevant times, some or all of the defendant parties formed an association in fact for the purpose of engaging in the conduct complained of herein and this association in fact was and is an "enterprise" within the meaning of Federal , 18 § U.S.C. 1961(4).

72.    At all relevant times, this enterprise comprised of some or all of the defendants specifically named herein, was engaged in, and its activities affected interstate commerce, within the meaning of Federal RICO, 18 § U.S.C. 1962(c).

73.    At all relevant times the defendants herein and others presently unknown to Plaintiff, associated with this enterprise and conducted or participated, directly or indirectly, in the conduct of the enterprise's affairs through a "pattern of racketeering activity" within the meaning of Federal RICO, 18 § U.S.C. 1961(5) in violation of RICO, 18 § U.S.C. 1962(c).

74.    Specifically, at all relevant times, defendants and the other co-conspirators, presently unknown to Plaintiff, engaged in "racketeering activity" within the meaning of 18 USC 1961(1) by engaging in violations of 17 U.S.C. § 506(a)(1)(A) and (B) in respect of the "Crunk Kings" DVD and the companion soundtrack CD (i.e., two predicate acts).

75.    Based on the foregoing, Plaintiff brings this civil cause of action pursuant to 18 U.S.C. § 1964(a) and (c), seeking (i) preliminary and permanent injunctive relief from any further violation of 17 U.S.C. § 506(a)(1)(A) and (B), and (ii) treble damages and costs of litigation, including reasonable attorney's fees.

WHEREFORE, Plaintiff is entitled to and prays for relief as follows:

76. Preliminary and permanent injunctive relief, enjoining any further manufacture, distribution and/or sale of Plaintiff's work, "Crunk Kings";

77.    Recovery from all specifically named defendants, jointly and severally, three (3) times the amount of damages otherwise awarded in this case;

78.    Attorney's fees and reasonable costs of litigation incurred by Plaintiff in prosecuting this case; and

79.    For such other and further relief and remedies for which the Court may deem just and proper.

## SEVENTH CLAIM FOR RELIEF:
## GEORGIA CIVIL RICO
## O.C.G.A. § 16-14-1, et seq.

80.     Plaintiff re-alleges and incorporates herein by reference the allegations set forth in paragraphs 1 through 79 inclusive, as though fully set forth herein.

81.     The facts and claims for relief set forth herein constitute at least two predicate act violations of O.C.G.A. § 16-8-60, relating to the unauthorized sale, distribution and circulation of sounds and visual images (the "Crunk Kings DVD and the soundtrack).

82.     A violation of O.C.G.A. § 16-8-60 constitutes "racketeering activity" pursuant to O.C.G.A. § 16-14-3(9)(A)(xx), thereby implicating a violation of O.C.G.A. § 16-14-4 of the "Georgia RICO (Racketeer Influenced and Corrupt Organizations) Act", O.C.G.A. § 16-14-1, et seq.

83.     Based on the foregoing, Plaintiff brings this civil cause of action pursuant to O.C.G.A. § 16-14-6(c), seeking treble damages, punitive damages, attorney's fees and reasonable costs of litigation incurred in the trial and appellate courts.

WHEREFORE, Plaintiff is entitled to and prays for relief as follows:

84.     Recovery from all specifically named defendants, jointly and severally, three (3) times the amount of damages otherwise awarded in this case;

85.   Recovery from all specifically named defendants, jointly and severally, punitive damages in an amount to be determined by the enlightened conscience of the jury;

86.   Attorney's fees and reasonable costs of litigation incurred by Plaintiff in prosecuting this case in the trial and appellate courts; and

87.   For such other and further relief and remedies for which the Court may deem just and proper.

## ON ALL CLAIMS FOR RELIEF

88.   For Plaintiff's reasonable costs fees;

89.   For interest on all sums awarded Plaintiff; and

90.   For all other relief this Court deems equitable and just.

## JURY TRIAL DEMANDED

Plaintiff hereby requests a trial by jury on each claim for relief alleged in this Complaint.

DATED this ____ day of August, 2010.

_____
Mark Skeete
Copyright Owner,
Plaintiff, Pro Se
5805 State Bridge Rd.
Johns Creek, Georgia 30097
678-886-6008
skgrilla@yahoo.com